**SCHOFIELD, Trustee, Plaintiff-Appellant, v. CLEVELAND TRUST CO., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19326—Decided January 18, 1947.

Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, and Douglas F. Schofield, for plaintiff-appellant.

Jones, Day, Cockley & Reavis, Cleveland, and Richard S. Douglas, for defendant-appellee.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, of the First Appellate District, sitting in Cuyahoga County by designation.

## OPINION

By THE COURT:

In this action, a successor trustee seeks to hold defendant bank liable on the theory that as the depository of trust funds derived from the testamentary trust created by testator in the Schofield Building in Cleveland, Ohio, it participated with the original trustee, as aided by all the original beneficiaries sui juris and the legal guardian of the then minors, in numerous diversions occurring from the inception of the trust in 1917 virtually until the appointment of the successor trustee in 1935.

One of the original beneficiaries has disclaimed any interest in the suit or its results and plaintiff has abandoned certain substantial claims originally made, on the theory that the transactions out of which they arose were beneficial to the trust. Substantial diversions of income paid to beneficiaries through the time here involved are not included in the subject of the action. Substantial claims remain and may be divided generally into two groups, viz: (1) Diversion of trust funds to the personal business ventures of William Schofield, the express trustee, and his brother, Sherman Schofield, building manager both before, at, and after the inception of the trust wherein funds were patently deposited in and checked out of the bank, on account of such ventures, to third persons; and (2) Diversion of trust funds directly to the bank in payment of overdrafts in Sherman Schofield's personal account; involving some 99 checks, aggregating over $19,000.00, together with payments direct to the bank aggregating some $11,000.00, in settlement of various notes to the bank on which William Schofield and Sherman Schofield were personally liable.

For a complete historical and chronological statement of fact, reference is made to the reported opinion of the trial court found in 24 O O 345.

Both parties, in writing, requested separate findings of fact and conclusions of law, and the court complied with extensive findings, reciting at the end thereof that consideration had been given suggestions of all counsel, including the interrogatories attached to plaintiff's request and that the findings made substantially answered all interrogatories and requests made.

The trial court found as to the first group of remaining claims that the bank had no actual notice of the diversions; and, as to the second group, that, while the bank was chargeable with notice that trust funds were being used to pay personal obligations of the brothers, it had no knowledge that such payments were wrongful or in breach of the trust, and that all such payments were made more than four years prior to the commencement of the action. There is substantial evidence in the record to sustain these findings and they may not, therefore, be disturbed by a reviewing court.

We find no error in the record, prejudicial to appellant, and in the main approve the reasoning and authority contained in the opinion of the trial court, above referred to.

The judgment is, therefore, affirmed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur.